# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

DRACE FESTON,                                )
                                             )
        Plaintiff,                  )
                                             )
        v.                          )       No. 10-3222-SSA-CV-S-MJW
                                             )
MICHAEL J. ASTRUE, Commissioner,             )
Social Security Administration,              )
                                             )
        Defendant.                  )

## ORDER

Plaintiff Drace R. Feston seeks judicial review, pursuant to 42 U.S.C. § 405(g), of a final administrative decision denying Social Security disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. The parties' briefs are fully submitted, and an oral argument was held on May 24, 2011. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### Standard of Review

In reviewing the administrative record, the court must sustain the Commissioner's decision if the findings are supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g); Holley v. Massanari, 253 F.3d 1088, 1091 (8th Cir. 2001). The court may not, however, "rubber stamp" the Commissioner's decision, but must examine both the evidence that supports and detracts from the administrative determination. Piercy v. Bowen, 835 F.2d 190, 191 (8th Cir. 1987); Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

## Discussion

Mr. Feston is 47 years of age. He claims disability based on chronic pain, predominately in the neck and back; fibromyalgia; headaches; Dupuytren's disease; and depression. The Administrative Law Judge (ALJ) found plaintiff's credible impairments permitted him to perform a limited range of sedentary work. Plaintiff alleges the ALJ erred in (1) not giving the opinions of his treating physicians, Drs. Dale and Ball, controlling weight; and (2) ignoring the specific limitations reflected by the objective medical evidence and testimony regarding his physical and mental limitations.

A treating physician's opinion is generally entitled to substantial weight, but it does not automatically control in the face of other credible evidence on the record that detracts from that opinion. Brown v. Astrue, 611 F.3d 941, 951 (8th Cir. 2010), Heino v. Astrue, 578 F.3d 873, 880 (8th Cir. 2009). An ALJ is entitled to discount the opinion of a treating physician when that opinion is conclusory or inconsistent with the evidence of the record. Samons v. Astrue, 497 F.3d 813, 819 (8th Cir. 2007). An ALJ may credit other medical evaluations over that of the treating physician when such other assessments are supported by better or more thorough evidence. Heino at 879.

Here, the ALJ gave multiple valid reasons for discounting the residual functional capacity (RFC) assessments of plaintiff's treating physician, Dr. Dale, who submitted mental and physical medical source statements. The ALJ discounted the weight of Dr. Dale's mental assessment, giving more weight instead to the opinion of consulting psychologist, Dr. Kukal. The ALJ noted that Dr. Kukal conducted five hours of tests with plaintiff and determined her opinion was more consistent with the record as a whole. The ALJ further noted that Dr. Kukal had a Ph.D. in

2

psychology and is a clinical mental health specialist, and that Dr. Dale was not a psychiatrist or psychologist and lacked the expertise in assessing mental functioning.  The ALJ also determined Dr. Dale's physical assessment to be inconsistent with the record as a whole.  The ALJ noted Dr. Dale's July 2009 assessment of plaintiff was significantly more limited than the assessment (in the form of a medical source statement) provided by Dr. Ball on March 6, 2009.  The ALJ noted there was no basis in the record to support this discrepancy.  The ALJ also noted that Dr. Dale's treatment of plaintiff was relatively brief, spanning only nine months, and that Dr. Dale relied heavily on the subjective report of symptoms and limitations provided by plaintiff.  The ALJ set forth multiple valid bases for his questioning the reliability of plaintiff's subjective complaints on which Dr. Dale relied.  The ALJ also found that Dr. Dale's assessment was conclusory, and provided very little explanation of the evidence relied on in forming his opinion.  This Court finds there is substantial evidence in the record to support the decision of the ALJ to not give controlling weight to the opinion of plaintiff's treating physician, Dr. Dale.

The ALJ also gave valid reasons for giving only some weight, rather than controlling weight, to the opinion of treating physician, Dr. Ball, who also submitted a physical medical source statement.  The ALJ noted Dr. Ball's treatment history of plaintiff was short and sporadic and that Dr. Ball's RFC assessment was conclusory and lacked analysis and support from the medical records.

The ALJ's denial of controlling weight to the opinions of plaintiff's treating doctors, Dale and Ball, was not error.  The ALJ's decision in this regard is supported by substantial evidence in the record.

**Residual Functional Capacity**

The RFC is the most a claimant can still do despite his or her physical or mental limitations.  20 C.F.R. § 416.945(a), Leckenby v. Astrue, 487 F.3d 626, 631 n.5 (8th Cir. 2007).  When determining the claimant's RFC, the ALJ must consider all relevant evidence, but ultimately, the determination of the claimant's RFC is a medical question.  Lauer v. Apfel, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, the determination of the claimant's ability to function in the workplace must be based on some medical evidence.  Id.  See also Nevland v. Apfel, 204

F.3d 853, 858 (8th Cir. 2000). If there is no such evidence, the ALJ's decision cannot be said to be supported by substantial evidence. Anderson v. Shalala, 51 F.3d 777, 779 (8th Cir. 1995).

Here, the ALJ cites to the medical evidence provided by Dr. Kukal to support his determination as to what plaintiff was mentally capable of doing despite his limitations. This part of the RFC determination is supported by substantial evidence. However, the ALJ does not cite to any medical opinion that supports his determination that despite plaintiff's physical limitations, he can do sedentary work. Rather, this RFC appears to be based upon the ALJ's picking and choosing of different pieces of medical information from the several different medical opinions in the record, without giving any particular medical opinion significant weight. As noted by the ALJ, there is no state agency medical opinion as to plaintiff's physical residual functional capacity. All the ALJ has here are the opinions of plaintiff's treating physicians, to which he gives only some or very little weight, and the opinion of a Dr. Parmet, who apparently saw plaintiff on January 5, 2008, for a worker's compensation claim. The ALJ gives Dr. Parmet's opinion only some weight. Therefore, although the burden of persuasion to prove disability and demonstrate RFC remains on the claimant, Vossen v. Astrue, 612 F.3d 1011, 1016 (8th Cir. 2010), the ALJ cannot simply discount the medical information provided by the claimant in support of his RFC, and find that the claimant has failed to meet his burden. An ALJ must have some medical basis on which to support his RFC determination, and may not simply draw his own inferences from the medical reports as to how the claimant is limited. Nevland, 204 F.3d at 858.

Here, the ALJ's failure to cite to medical evidence to properly support his RFC determination as to plaintiff's physical abilities makes the record in this case insufficiently developed. The ALJ has the duty to fully develop the record on crucial issues such as this. Ellis v. Barnhart, 392 F.3d 988, 994 (8th Cir. 2005). Therefore, this Court finds there is not substantial evidence in the record to support the ALJ's physical RFC determination, and this case should, therefore, be remanded. Upon remand, the ALJ should further develop the record to include obtaining a consultive medical examination in order to properly make a physical RFC determination for plaintiff. See 20 C.F.R. § 416.919a. See also Chatman v. Astrue, 2007 WL 5110319 (E.D. Mo. 2007) (because no medical evidence to support the RFC attributed to

4

claimant, the ALJ has duty to order consultive examination and fully develop the record). Such examination should include the extent of plaintiff's physical impairments, including an evaluation for Somatization Disorder, which is noted in the record by the ALJ and in the medical records. Such medical evaluation should specifically address what medical conditions are based upon subjective, pass-through information recited by plaintiff to doctors, and what medical conditions actually are true physical limitations, and the extent of such limitations.

IT IS, THEREFORE, ORDERED that the decision of the ALJ is reversed, and this case is remanded to the Commissioner under Sentence 4 for proper consideration, with directive to further develop the record as set forth herein. [1]

Dated this 9th day of June, 2011, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge